IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRENNAN J. MULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 1:21-CV-384-KFP |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff seeks judicial review of the Social Security Administration's decision finding him no longer disabled. Upon review and consideration of the record, briefs, applicable regulations, and case law, this matter is REVERSED and REMANDED to the Commissioner for further consideration.

**I.   STANDARD OF REVIEW**

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the

decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.   PROCEDURAL BACKGROUND

On August 14, 2015, the Commissioner found Plaintiff disabled due to the severe impairments of compression fracture, liver laceration, right pneumothorax, chronically dislocated right hip with posterior wall acetabular fracture, chronic pain, and thromboembolic disease with left central femoral vein deep vein thrombosis.[1] R. 15. In a subsequent continuing disability review, a disability hearing officer found that Plaintiff's disability ceased on August 1, 2018. R. 13. Plaintiff requested a hearing before an administrative law judge. R. 13. Following that hearing, the ALJ found Plaintiff not disabled as of August 1, 2018. R. 13–25.

## III.  THE ALJ'S DECISION

The ALJ found that Plaintiff has the medically determinable impairments of status post right hip replacement and status post back surgery on L5-S1 but that the impairments or a combination of them did not meet or medically equal the severity of a listing in 20 CFR Part 404, Subpart P, Appendix I. R. 15–18. He then determined that Plaintiff experienced medical improvement as of August 1, 2018. R. 18. The ALJ based this decision on a review of medical records from March and April 2018 showing normal alignment of the hip arthroplasty with no fracture or dislocation and repeatedly normal findings following the hip arthroplasty showing pain-free range of motion and intact motor

---

[1] This decision, the most recent favorable medical decision finding Plaintiff disabled, is Plaintiff's "comparison point decision" (CPD). R. 15; 20 C.F.R. § 404.1594(b)(7).

function. R. 18. He next concluded that the medical severity of Plaintiff's impairments had decreased to the point that Plaintiff has the residual functional capacity (RFC) to perform light work, stating as follows:

> In making this residual functional capacity assessment, the undersigned did not consider the limiting effects of the impairment that developed after the CPD. Most of the conditions were dealt with by a normal healing process[.] [A]lso the right hip problem was tak[en] care of by right hip replacement[.] [I]t shows that he had pain-free range of motion. Afterward the back problem was tak[en] care of in . . . surgery to take care of the right side disc herniation at L5 S1. However, this was not the initial impairment at the time of the CPD. Regardless, the evidence shows a clear improvement with regard to the impairments present at the CPD to the extent that there is no basis, even now, to limit the claimant to solely sedentary work.

R. 18. He then found Plaintiff's current hip and back surgery impairments to be severe and reiterated that Plaintiff has the RFC to perform light work, but he limited the RFC by stating that Plaintiff cannot climb ladders, ropes, or scaffolding and can only occasionally climb ramps and stairs, stoop, kneel, crouch, or crawl. Next, considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs in the national economy he could perform, including parking lot attendant, hand packager, and can filling machine operator. Thus, he found Plaintiff had not been disabled since August 1, 2018. *Id.*

**IV.   DISCUSSION**

Plaintiff raises two issues on appeal: (1) the ALJ failed to compare the prior medical evidence with the new medical evidence in determining medical improvement and (2) the ALJ failed to properly consider the limitations of Plaintiff's new back conditions that arose before August 2018. *See* Docs. 10, 17.

A.     **Comparison of Prior Medical Evidence**

"Medical improvement" is defined as "any decrease in the medical severity of [a claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled. . . ." *Klaes v. Comm'r, Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012) (citing 20 C.F.R §§ 404.1594(b)(1) and (f)). A finding of a decrease in medical severity "must be based on improvement in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s). . . ." *Id.* Thus, an ALJ must first compare the evidence that led to the most recent favorable finding with evidence of the claimant's current physical and mental state. 20 C.F.R. §§ 404.1594(c)(1); *Freeman v. Heckler,* 739 F.2d 565, 566 (11th Cir. 1984); *Vaughn v. Heckler,* 727 F.2d 1040, 1043 (11th Cir. 1984); *Klaes v. Comm'r, Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012). The Eleventh Circuit has held that "a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement." *McAulay v. Heckler,* 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (reversing where ALJ referred to prior evidence but did not make a comparison with new evidence). In other words, the ALJ must "actually compare" previous and current medical evidence to show that improvement occurred. *Klaes*, 499 F. App'x at 896 (quoting *Freeman*, 739 F.2d at 566). If the ALJ fails to evaluate the prior medical evidence to make that comparison, courts "must 'reverse and remand for application of the proper legal standard.'" *Id*. (quoting *Vaughn,* 727 F.2d at 1043).

Here, Plaintiff's initial disability finding was based on the severe impairments of compression fracture, liver laceration, right pneumothorax, chronically dislocated right hip

4

with posterior wall acetabular fracture, chronic pain, and thromboembolic disease with left central femoral vein deep vein thrombosis. R. 15. In the most recent decision, Plaintiff's current impairments are status post right hip replacement and status post back surgery on L5–S1. R. 15. As set forth above, in finding that medical improvement occurred in August 2018, the ALJ relied on medical records from March and April 2018 showing normal hip alignment with pain-free range of motion and intact motor function without a fracture or dislocation. R. 18. He then stated that "most" of Plaintiff's impairments that developed after the CPD were "dealt with by the normal healing process," the hip problem was taken care of by hip replacement surgery, and afterward his back problem was taken care of by surgery as well. This is the entirety of the ALJ's analysis of whether medical improvement occurred.

Despite the ALJ's conclusion that the "evidence shows a clear improvement of impairments present at the CPD," there is no discussion of previous medical evidence related to Plaintiff's original impairments. In fact, there is no mention of Plaintiff's original severe impairments unrelated to his hip (compression fracture, liver laceration, right pneumothorax, chronic pain, and thromboembolic disease with left central femoral vein deep vein thrombosis). Because the ALJ "did not mention, much less compare, the medical evidence of [Plaintiff's impairments . . . relied upon to make the original . . . disability determination," reversal is required. *Klaes*, 499 F. App'x at 896–97. With no comparison of previous medical evidence—and without even an acknowledgement of Plaintiff's non-hip-related previous impairments—there can be no adequate finding of improvement.

5

The Commissioner argues that the ALJ's decision reflects his awareness of the prior decision and its findings. However, a "[m]ere review or consideration of the pre-CPD medical evidence is insufficient to discharge the duty to actually compare the old medical evidence and new medical evidence." *Maldonado v. Comm'r of Soc. Sec.*, No. 8:20-CV-202-JSS, 2021 WL 8939489, at *4 (M.D. Fla. Sept. 10, 2021) (citation omitted). Further, "[e]ven if the new evidence otherwise indicates that the claimant is no longer disabled, if the ALJ fails to properly evaluate the prior medical evidence and make such a comparison the Court must reverse and remand for application of the proper legal standard." *Id.* (citing *Klaes*, 499 F. App'x at 896 (quoting *Vaughn*, 727 F.2d at 1043)) (internal quotations omitted); *see also Freeman*, 739 F.2d at 566 (reversing when ALJ did not consider issue of improvement but instead treated case as original application for benefits).

Accordingly, because the ALJ failed to fulfill his obligation to compare prior medical records with new medical records, this Court must reverse and remand so the Commissioner can apply the correct legal standard. *See Spivey v. Berryhill*, No. 2:16-CV-681-GMB, 2018 WL 1546358, at *7 (M.D. Ala. Mar. 29, 2018) (due to ALJ's failure to "actually compare" previous medical evidence to show medical improvement, holding that court could not evaluate whether ALJ's decision was based on substantial evidence and that decision must be reversed and remanded for application of correct legal standard) (citing *Klaes*, 499 Fed. App'x at 896–97).

**B.   Consideration of Plaintiff's New Impairment**

Plaintiff next argues that the ALJ failed to consider the limitations of his back conditions that arose before August 2018, the month of alleged cessation. As part of his

analysis, the ALJ was required to determine whether Plaintiff's decrease in medical severity related to his ability to work. In doing so, he found that the medical severity had decreased to the point that Plaintiff could now perform work at the light exertional level. In reaching that conclusion, the ALJ stated, "In making this residual capacity assessment, the undersigned did not consider the limiting effects of the impairment that developed after the CPD." R. 18.

The ALJ did not identify the specific impairment not considered, only that it developed after the CPD. However, both of Plaintiff's current impairments developed post-CPD. Thus, if the Court interprets the ALJ's assertion to mean that he did not consider any post-CPD impairment, there is no impairment on which to base the RFC. If the Court presumes the ALJ is referring only to Plaintiff's back impairment, that interpretation is contradicted by later statements in the decision. For instance, at the end of the main discussion of Plaintiff's RFC, when analyzing Plaintiff's complaints of pain and other symptoms, the ALJ states that "[d]ue to back pain, the claimant could only lift and carry ten pounds frequently or twenty pounds occasionally" and "[d]ue to the back and the hip, he can never climb ladders, ropes, or scaffolds," suggesting that the ALJ considered Plaintiff's post-CPD impairments after all. Nonetheless, the Court cannot simply ignore the ALJ's declaration that he did not consider the limiting effects of an impairment that developed after the CPD.

The ALJ found that Plaintiff's post-CPD impairments were severe. "By definition, a severe impairment limits significantly a claimant's ability to do basic work activities." *Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 898 (11th Cir. 2010) (citing *Crayton v.*

*Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)). Thus, the ALJ was required to consider the effects of Plaintiff's impairments in making an RFC determination. *Id*. (citing *Lucas v. Sullivan,* 918 F.2d 1567, 1574 (11th Cir. 1990) (stating that ALJ may make RFC determination only after considering specific duties of past work and evaluating ability to perform them in spite of impairments); *Vega v. Comm'r of Soc. Sec.,* 265 F.3d 1214, 1219–20 (11th Cir. 2001) (reversing where ALJ did not consider diagnosed condition or evaluate effect of condition's symptoms on ability to work)). By indicating that at least one post-CPD impairment was not considered but later referencing both post-CPD impairments in restricting Plaintiff's RFC, the Court is left with a confusing analysis of how Plaintiff's impairments affect his ability to perform work. A court "should not be left to speculate about the functional impact of [a claimant's impairments] or whether [they were] fairly a part of the RFC assessment made by the ALJ." *Davison v. Kijakazi*, No. 2:20-CV-402-JTA, 2022 WL 779773, at *5 (M.D. Ala. Mar. 14, 2022) (citation omitted). Due to the ALJ's contradictory statements and the resulting ambiguity as to which impairments were considered in assessing Plaintiff's RFC, the Court cannot determine whether substantial evidence supports the ALJ's RFC findings, and reversal is warranted.

**V.     CONCLUSION**

For the reasons set forth above, it is ORDERED that this matter is REVERSED and REMANDED to the Commissioner for additional proceedings consistent with this opinion.

Upon remand, the Commissioner must (1) reevaluate whether Plaintiff has medically improved to the point of being no longer disabled, making sure to address all previous severe impairments and to fulfill the obligation to compare prior medical evidence

with current medical evidence; (2) resolve contradictory statements regarding consideration of post-CPD impairments in determining Plaintiff's RFC; and (3) take all other action necessary to resolve this claim properly.[2]

A final judgment will be issued separately.

DONE this 16th of August, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

---

[2] In remanding this case, the Court expresses no opinion on whether there has been medical improvement or whether Plaintiff continues to be entitled to benefits.